# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
MAR 21 2014
NEVADA COUNTY
SUPERIOR COURTS
T. Appleby

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Kelley R. Carroll, individually; Porter Simon, a Professional Legal Corp., organized and existing under the laws of the State of CA; ABC CORPORATIONS I-X, inclusive; BLACK & WHITE COMPANIES I-X, inclusive; and JOHN DOES I-X, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Louis Gazes

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA
Truckee
10075 Levon Avenue, Suite 107, Truckee, CA 96161

CASE NUMBER: *(Número del Caso):* CU14-080369

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William C. Jeanney (Bar # 122585)
Bradley, Drendel & Jeanney, P.O. Box 1987, Reno, NV 89505
Fax No.: (775) 335-9993
Phone No.: (775) 335-9999

DATE: *(Fecha)* MAR 21 2014 Clerk, by *(Secretario)* T. Appleby, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NEVADA COUNTY SUPERIOR COURT
SUPERIOR COURT
COUNTY OF NEVADA STATE OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

William C. Jeanney, Esq.
California State Bar No. 122585
BRADLEY, DRENDEL & JEANNEY
P.O. Box 1987
Reno, Nevada 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993

Attorneys for Plaintiff

FILED
MAR 21 2014
NEVADA COUNTY
SUPERIOR COURTS
T. Appleby
Filed By Fax

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF NEVADA

LOUIS GAZES, individually,

Plaintiff,

v.

KELLEY R. CARROLL, individually; PORTER SIMON, a Professional Legal Corporation, organized and existing under the laws of the State of California; ABC CORPORATIONS I-X, inclusive; BLACK & WHITE COMPANIES I-X, inclusive; and JOHN DOES I-X, inclusive,

Defendants.

Case No. CU14-080369

VERIFIED COMPLAINT FOR LEGAL MALPRACTICE & BREACH OF FIDUCIARY DUTY

Plaintiff, LOUIS GAZES, individually, by and through his counsel of record, William C. Jeanney, Esq. of the law firm of Bradley, Drendel and Jeanney, and for a cause of action against the Defendants, each of them, hereby alleges and complains as follows:

PARTIES & JURISDICTION

1. At all times material hereto, Plaintiff, LOUIS GAZES, individually, was and is a citizen of the State of Nevada who at all relevant times herein was the duly appointed and acting trustee of the Sam and Maria Gazes Living Trust U.D.T. dated December 10, 1990.

2. Based upon information and belief, Defendant, PORTER SIMON, is, and all times herein mentioned, a Professional Legal Corporation organized and existing under the laws of the State of California, with its principal place of business in Truckee, California.



LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

3. Based upon information and belief, Defendant, KELLEY R. CARROLL (hereinafter "CARROLL") is an individual and an attorney licensed to practice law in California with an office in Truckee, California.

4. At all times herein mentioned, CARROLL was a partner and an agent of Defendant PORTER SIMON, and in doing the things herein alleged was acting within the course and scope of such employment agency.

5. Plaintiff does not know the true names and capacities, whether corporate or otherwise, of these Defendants sued herein as DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive and Plaintiff prays leave that when the true names of said Defendants are ascertained, he may insert the same at the appropriate allegations. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

6. At all times herein mentioned, Defendants, and each of them, were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their Co-Defendants, and were as such acting within the course, scope and authority of said agency and employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal, agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

**FIRST CAUSE OF ACTION**

**(Legal Malpractice, Breach of Fiduciary Duty)**

7. Plaintiff realleges Paragraphs 1 through 7 of this Complaint and incorporates the same herein as though set forth at length.







8. On December 10, 1990, Sam L. Gazes and Marla M. Gazes created a living trust.

9. Sam and Marla Gazes retained Defendants for the purposes of advising, drafting, and formalizing the trust including the appointment of beneficiaries and power of attorney for the purposes of administering the trust and their other assets and affairs.

10. Article 13 of the original trust permitted the settlors to modify or revoke its terms, but did not authorize modification or revocation of the trust by an attorney-in-fact acting under a power of attorney for the settlors. This provision in the original trust was drafted and included by the Defendants.

11. On December 21, 2010, Defendants again modified the trust having Sam Gazes execute a written durable power of attorney for matters pertaining to property. Defendants drafted Sam Gazes' power of attorney appointing Louis Gazes Plaintiff, as his attorney-in-fact. This power of attorney did not grant to Louis Gazes the authority to alter the dispositive provisions of the trust.

12. On January 19, 2012, Defendants drafted and executed a durable power of attorney created for Marla Gazes in which Louis Gazes Plaintiff, was named as Marla's attorney-in-fact. In drafting and having executed Marla Gazes' power of attorney it again specifically precluded the authorized attorney-in-fact from acting under a power of attorney to modify or amend the terms of the original trust.

13. On January 19, 2012, Defendants, advised, counseled, prepared and drafted on behalf of Plaintiff pursuant to Plaintiff's power of attorney a second amendment to the trust appointing Plaintiff co-trustee of the trust and nominating Plaintiff as sole trustee in the event Samuel Gazes is unwilling or unable to act as trustee.

15. On January 25, 2012, acting upon the advice of counsel of Defendants, Plaintiff, purporting to act on behalf of Samuel Gazes pursuant to Sam's power of attorney, signed a written resignation of trustee causing Samuel Gazes to resign as trustee of the estate, leaving Plaintiff in sole control of the trust estate.

16. On March 6, 2012, acting upon the advice and counsel of Defendants, Defendants had Plaintiff execute a third amendment to the trust specifying upon the death of the surviving settlor all





LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY P.O. BOX 1987 RENO, NV 89505 (775) 335-9999

trust assets were to be distributed solely to Plaintiff or to his issue by right of representation. As drafted and prepared by Defendants, the third amendment completely disinherited Eleni Moreno, the daughter of Sam Louis Gazes and Maria Gazes who had previously been named as a beneficiary and successor trustee.

17. On March 15, 2012, Sam Gazes passed away. Maria Gazes had predeceased Sam Gazes.

18. On or about June 11, 2013, Eleni Moreno brought suit against Louis Gazes in the Superior Court of the State of California in and for the County of Nevada to determine the validity of the trust amendment, damages for breach of fiduciary duty, damages for breach of duty under power of attorney, suspension and removal of trustee, and for an accounting and determination of contest forfeiting inheritance. The lawsuit resolved with an acknowledgment by Plaintiff of the invalidity of the third amendment due to the breach of professional responsibility by Defendants.

19. Defendants, and each of them, had a duty to use such skill, prudence, and diligence as members of the legal profession commonly possess and exercise, in providing legal services to Plaintiff herein.

20. The Defendants, researched and prepared, drafted and had Plaintiff execute the third amendment on behalf of Sam Gazes, under the authority of Sam Gazes' power of attorney, and had LOUIS GAZES execute the third amendment on behalf of Maria Gazes, under the authority of Maria's power of attorney. Section 4264 of the California Probate Code specifically defines that an attorney-in-fact cannot amend a trust to change the trust dispositive provisions unless the authorities specifically stated in the power of attorney.

21. California Probate Code § 15401(c), specifies a trust may not be modified or revoked by an attorney-in-fact under a power of attorney unless these actions are expressly permitted by the trust instrument. Neither Samuel Gazes' power of attorney nor Maria Gazes' power of attorney authorized Plaintiff, on behalf of the respective principal, to amend the terms of the trust to challenge its dispositive provisions. In fact, Maria Gazes' power of attorney specifically provided that her attorney-in-fact did not have the authority to change the dispositive provisions of the trust.

22. Defendant CARROLL is a certified specialist in probate and estate law in the State



LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY P.O. BOX 1987 RENO, NV 89505 (775) 335-9999

of California and clearly knew or should have known of the existence of California law which specifically provided that these actions were not lawful.

23. Defendants, and each of them failed to exercise reasonable care and skill in their representation of Plaintiff by negligently and carelessly performing all the acts and omissions as herein alleged.

24. As a direct and proximate result of the aforesaid negligence, Plaintiff was required to retain counsel to defend himself in Moreno v. Louis S. Gazes, Superior Court of the State of California in and for the County of Nevada case number P13-15482.

25. As a further and direct proximate result of the negligence of Defendants, and each of them, Plaintiff sustained damages, in the distribution of the trust assets, trustee's fees, attorney-in-fact fees and attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray as follows:

1. For compensatory damages according to proof;
2. For general damages according to proof;
3. For interest allowed by law for cost of suit incurred herein; and
4. For such further and other relief as the Court deems just and proper.

Dated this 20th day of March 2014.

BRADLEY, DRENDEL & JEANNEY

William C. Jeanney, Esq.
Nevada State Bar No. 01235
BRADLEY, DRENDEL & JEANNEY
P.O. Box 1987
Reno, NV 89505
Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
*Attorney for: Plaintiff*



LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY P.O. BOX 1987 RENO, NV 89505 (775) 335-9999

Our File No. 202244

## VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing Complaint, and know its contents. I am a party to this action. The matters stated in the document described above are true of my own knowledge and belief except to those matters stated on information and belief, and as to those matters I believe them to be true.

Executed this 20th day of March, 2014 in the City of Reno, State of Nevada.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Louis Gazes



LAW OFFICE OF BRADLEY, DRENDEL & JEANNEY P.O. BOX 1987 RENO, NV 89505 (775) 335-9999

Our File No. 202244

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (name, address, phone and fax number)<br><br>BAR NO.:<br>ATTORNEY FOR (name): | For Court Use Only<br><br>FILED<br>MAR 21 2014<br>NEVADA COUNTY SUPERIOR COURTS<br>T. Appleby |
|---|---|
| **Superior Court of California, County of Nevada**<br>201 Church Street, Suite 5<br>Nevada City, CA 95959 | |
| PLAINTIFF: LOUIS S GAZES<br><br>DEFENDANT: KELLEY R CARROLL | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDICIAL OFFICER** | CASE NUMBER<br>CU14-080369 |

**NOTICE** is given that the within action has been assigned for all purposes to the **HONORABLE SEAN P. DOWLING** and that a Case Management Conference has been scheduled as follows:

| Date: 07/14/2014 | Time: 9:00 a.m. | Dept. 6 | Rm: 3rd Floor |
|---|---|---|---|
| **Location: Nevada County Courthouse, 201 Church Street, Nevada City, CA 95959**<br>***The hearing set in this notice does not eliminate your obligation to file a response to the complaint as specified on the summons. Failure to do so may result in a default judgment.*** | | | |

- You must file and serve a completed Case Management Statement form CM-110 **AT LEAST FIFTEEN DAYS** before the case management conference (California Rule of Court 3.725). Strict compliance with California Rules of Court 3.110 required.
- You must be familiar with the case and be fully prepared to participate effectively in the case management conference.
- At the case management conference the court may make pretrial orders, including the following:
  - Orders establishing discovery schedules and exchange of expert witness information;
  - Referral to judicial arbitration or other alternate dispute resolution with a date of completion;
  - Orders setting subsequent conferences and the trial date;
  - Other orders in furtherance of the Trial Court Delay Reduction Act (Gov. Code §68600 *et seq.*);
- Should the parties comply with California Rules of Court 3.110 and timely file their Case Management Statement, appearance at the case management conference may be waived.
- The court will issue a proposed order on Thursday before the conference. The proposed order will be posted and available under the link "Tentative Rulings" on the court's web site (www.nevadacountycourts.com). For further instructions and information see the Case Management Information Sheet.
- A copy of this Notice must be served on each party with the complaint or other initial pleading, including each new party brought in by way of cross-complaint, complaint in intervention, or other initial pleading.

Dated: MAR 21 2014 by T. Appleby

Court Services Assistant

FILED

MAR 21 2014

NEVADA COUNTY
SUPERIOR COURTS
T. Appleby

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF NEVADA**

| | |
|---|---|
| Louis Gazes, *Plaintiff/Petitioner,* vs. Kelley Carroll, *Defendant/Respondent.* | CASE NO. CU14-080369<br><br>NOTICE OF TRANSFER TO TRUCKEE BRANCH |

NOTICE IS HEREBY GIVEN that the Nevada City Branch of the Nevada County Superior Court has transferred all pleadings and papers in the above-entitled case on this date, to the Truckee Branch of the Nevada County Superior Court, which is the proper venue for said case. Case Management Conference currently set in Nevada City is vacated. The Truckee Branch will send notice of a Case Management Conference date. Plaintiff's counsel shall serve this notice on all parties that have not been served, or parties that have been served but have not answered the complaint.

Dated: 03/21/2014

T. Appleby
Thomas Appleby, Court Services Assistant

**CLERK'S CERTIFICATE OF MAILING**

I, the undersigned, being a citizen of the United States, employed in the County of Nevada, and not a party to the cause, do hereby certify that this notice was mailed to the following persons by way of the United States Postal Service on the date of: 03/21/2014

T. Appleby
Thomas Appleby, Court Services Assistant

William C. Jeanney
BRADLEY, DRENDEL & JEANNEY
P.O Box 1987
Reno, NV 89505



# CASE MANAGEMENT INFORMATION SHEET

## PURSUANT TO CALIFORNIA RULES OF COURT 3.720 et seq.

- The clerk will set a date for the Case Management Conference at the time the complaint is filed.
- The complaint and cross-complaint are to be filed and served pursuant to California Rule of Court 3.110, along with a copy of the Notice of Case Management Conference and the Case Management Information Sheet with attached blank copy of the Case Management Statement. Counsel is also required to serve the Nevada County Superior Court Alternative Dispute Resolution Information Sheet and attached stipulation form.
- At least fifteen calendar days prior to the scheduled Case Management Conference, each party shall file with the court and serve on all parties, a completed Case Management Statement.

## APPEARANCE AT CASE MANAGEMENT CONFERENCE:

- Based on the information provided in the Case Management Conference Statement the court will post a proposed Case Management Conference Order to counsel, or parties appearing without counsel, containing a trial, pre-trial, and settlement conference date. The proposed order may also contain a referral to ADR (Alternative Dispute Resolution).
- The proposed order will indicate whether appearance at the Case Management Conference is required or the procedure for appearance if counsel or party wish to modify the contents of the proposed order.
- The Case Management Conference will be called on the scheduled date. The proposed order issued by the court in those cases in which counsel or party did not appear or request argument will be deemed approved and will be adopted by the court.
- The proposed order will be posted on the website, www.nevadacountycourts.com. If you do not have access to the Internet, you may contact the Clerk's office at (530) 265-1333 or (530) 265-7230 the Friday before the scheduled conference to obtain the contents of the proposed order. Otherwise you must appear at the Case Management Conference either in person or through CourtCall. Information for appearing through CourtCall can be obtained by calling CourtCall TOLL FREE at 888-882-6878.

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br><br> TELEPHONE NO.: FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA <br> STREET ADDRESS: 201 Church Street, Ste. 5 <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: Nevada City, CA 95959 <br> BRANCH NAME: | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **CASE MANAGEMENT STATEMENT** <br> *(Check one):* ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: Time: Dept.: Div.: Room:
Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*



Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011]

Martin Dean's ESSENTIAL FORMS™

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rules 3.720-3.730 www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10\. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |



Martin Dean's Essential Forms™

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ______

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_______________________ ▶ _______________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

_______________________ ▶ _______________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



Martin Dean's Essential Forms™




# NEVADA COUNTY SUPERIOR COURT ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interest of the parties that they participate in alternatives to traditional litigation, including arbitration or mediation. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration and settlement conferences, among other forms.

***What are the advantages of choosing ADR instead of litigation?***

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorneys' fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interest and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

# ADR PROCEDURES FOR THE NEVADA COUNTY SUPERIOR COURT

1. Upon filing a complaint, the plaintiff will receive this information sheet from the Superior Court Clerk. **Plaintiff is expected to include this information sheet at the time of service of the complaint on the defendant.**

2. All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is attached. Parties choose and contact their own ADR provider. **The court has a binder containing resumes of mediators with both specialized training and experience. This binder is available from the Superior Court Clerk, Law Library and Arbitration Administrator. It is also available on line – Http://courts.co. Nevada.ca.us/.**

3. An initial Case Management Conference will be scheduled within 120 days of filing the Complaint. **An original Case Management Conference Statement must be filed with the clerk no later than 15 days before the scheduled Case Management Conference.** The assigned Judge will strongly encourage all parties and their counsel to consider and utilize ADR procedures.

4. **If the parties voluntarily agree to ADR,** the parties will be required to sign a **Stipulation and Order to ADR.** The parties may contact an ADR Provider or review the ADR Binder (see item 2 above) for information on providers or arrange to speak with the Arbitration Administrator (530) 265-1380.

5. Any ADR services shall be paid for by the parties pursuant to a separate ADR fee agreement. The Judge or Arbitration Administrator may screen appropriate cases for a pro bono/modest means referral when a party is income eligible.

6. The court asks for your cooperation in completing the Mandatory ADR Information Form and return to the court within 10 days of completion of the process. The form is attached or is available on line, www.nevadacountycourts.com.

**Information:** To request forms, or for more information contact, Arbitration Administrator, 201 Church Street, Nevada City, CA 95959. (530) 265-1380 or fax to (530) 478-5748.

H/CR/FORMS/MEDINF.DOC

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (name, state bar number, and address)<br><br>TELEPHONE NO: FAX NO:<br>ATTORNEY FOR (name): | *For Court Use Only* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF NEVADA**<br>201 Church Street, Suite 5<br>Nevada City, CA 95959 | |
| Plaintiff/ Petitioner:<br><br>Defendant/ Respondent: | |
| **STIPULATION AND ORDER TO PARTICIPATE IN ADR** | Case Number |

Pursuant to California Rules of Court §3.221, all parties stipulate to participate in mediation of this case. Any ADR Services shall be paid for by the parties pursuant to a separate ADR Fee Agreement.

The parties further stipulate:

- ☐ That be appointed as the mediator.

  Address:

  City, State, Zip:

  Phone Number:

- ☐ That the court appoint a mediator.

It is understood that the ADR Information Form must be submitted by the parties and counsel at the conclusion of the case. Attorney(s) signing on behalf of their client(s) have been given the authority to stipulate to mediation.

| | | |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

APPROVED:

DATED: JUDGE OF THE SUPERIOR COURT

ADR-101

NAME OF COURT:

## *ADR Information Form*

*This form should be filled out and returned, within 10 days of the resolution of the dispute, to:* ▶ Nevada County Superior Court
201 Church Street, Suite 5
Nevada City, CA 95959

1. Case name: ______ No. ______
2. Type of civil case: ☐ PI/PD-Auto ☐ PI/PD-Other ☐ Contract ☐ Other *(specify)*: ______
3. Date complaint filed ______ Date case resolved ______
4. Date of ADR conference ______ 5. Number of parties ______
6. Amount in controversy ☐ $0-$25,000 ☐ $25,000-$50,000 ☐ $50,000-$100,000 ☐ over $100,000 *(specify)*: ______
7. ☐ Plaintiff's Attorney ☐ Cross Complainant's Attorney

   NAME ______

   ADDRESS ______

   TELEPHONE NUMBER ______

8. ☐ Defendant's Attorney ☐ Cross Defendant's Attorney

   NAME ______

   ADDRESS ______

   TELEPHONE NUMBER ______

9. Please indicate your relationship to the case:

   ☐ Plaintiff ☐ Plaintiff's attorney ☐ Defendant ☐ Defendant's attorney

   ☐ 3rd party defendant ☐ 3rd party defendant's attorney ☐ Other *(specify)*: ______

10. Dispute resolution process:

    ☐ Mediation ☐ Arbitration ☐ Neutral case evolution ☐ Other *(specify)*: ______

11. How was case resolved?

    a. ☐ As a direct result of the ADR process.

    b. ☐ As an indirect result of the ADR process. c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

    ☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ ______

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

    ☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ ______

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

    ☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: ______

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

    ☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: ______

16. Would you be willing to consider using this dispute resolution process again? ☐ Yes ☐ No